UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LORRAINE SERVANTEZ, | NO. 2:07-CV-0661 FCD/JFM[1] |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| COUNTY OF SACRAMENTO, a California municipality, et al., | |
| Defendants. | |

----oo0oo----

This matter is before the court on the motion of defendants Gregory Sokolov, M.D., Mark Sussman, LCSW, and Mark Hopkins, RASW ("defendants") to dismiss plaintiff Lorraine Servantz' ("plaintiff") negligence cause of action on the ground said claim is barred by the statute of limitations. Fed. R. Civ.

////

////

---

[1] Although this motion was originally filed in 2:07-cv-1492 FCD/JFM the court issues the order in 2:07-cv-0661 FCD/JFM pursuant to the consolidation order filed March 3, 2008. All references herein to docket numbers are from 2:07-cv-1492 FCD/JFM.

1

P. 12(b)(6); Cal. Code Civ. Proc. § 340.5.[2]  Specifically, defendants assert plaintiff's second amended complaint fails to state a negligence claim against them because they were each, at all times relevant to the complaint, "healthcare practitioners" within the meaning of the applicable one year statute of limitations.[3]  Because plaintiff filed her complaint more than one year after the death of her son, which event gave rise to this action, defendants contend plaintiff's negligence claim must be dismissed pursuant to California Code of Civil Procedure section 340.5.  For the reasons set forth below, the court GRANTS defendants' motion.

**BACKGROUND**

Plaintiff asserts a wrongful death claim for the suicide of her son, David Trujillo Lopez (hereinafter "Lopez").  (Second Amended Complaint, filed Dec. 13, 2007 ["Compl."], ¶ 3).  Lopez was incarcerated in the Sacramento County Main Jail from October 2003 until his death on April 7, 2005.  (Compl. ¶ 23).  Defendants are healthcare providers, licensed by the State of California, who were providing healthcare services and supervision to Lopez during his incarceration.  (Motion to

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[3] Defendants move to dismiss only with respect to plaintiff's first cause of action for negligence.  As to plaintiff's other causes of action asserted against defendants, defendants answered the complaint. (Answer, filed Feb. 1, 2008 [Docket #21].)  County defendants, including the County of Sacramento, Sheriff John McGuinness, Brian Moore, Adam Taylor, Wayne Kitade and Dale Kramer, answered the complaint on December 28, 2007 (Docket #19).  Said County defendants filed a non-opposition to the instant motion (Docket #23).

2

1  Dismiss, filed Feb. 1, 2008 ["Mot."], at 1, 3).  On October 7,
2  2003, while incarcerated, Lopez was placed on suicide watch and
3  prescribed psychiatric medications.  (Compl. ¶ 28).  Plaintiff
4  alleges that defendants witnessed Lopez become increasing
5  distraught and depressed on April 6, 2005, but nevertheless
6  placed him in "temporary separation" or solitary confinement.
7  (Id. ¶¶ 19, 29).  While in solitary confinement, Lopez hung
8  himself with a bed sheet.  (Id. ¶ 24).

9  Plaintiff alleges defendants' negligent supervision, failure
10 to provide Lopez with proper medical and psychiatric attention,
11 and placement of Lopez in solitary confinement directly caused
12 his death.  (Id. ¶¶ 19, 21-31).  Plaintiff's second amended
13 complaint asserts claims for negligence, negligent supervision,
14 and violation of civil rights.  (Compl. ¶¶ 21-40).  Defendants
15 argue plaintiff's first cause of action for negligence should be
16 dismissed because California Code of Civil Procedure § 340.5 time
17 bars plaintiff's negligence claim.  (Mot. at 2).  Defendants
18 contend they are "healthcare practitioners" within the meaning of
19 California Code of Civil Procedure § 340.5, and that plaintiff
20 failed to file her original complaint within the applicable one
21 year statute of limitations.

**STANDARD**

23 On a motion to dismiss, the allegations of the complaint
24 must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322
25 (1972).  The court is bound to give plaintiff the benefit of
26 every reasonable inference to be drawn from the "well-pleaded"
27 allegations of the complaint.  Retail Clerks Int'l Ass'n v.
28 Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff

3

need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hudson v. King & Spalding, 467 U.S. 69, 73 (1984)).

## ANALYSIS

A plaintiff must bring a claim within the limitation period after the accural of the cause of action. Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999). A cause of action accures at "the time when the cause of action is complete with all of its elements." Id.; see Neel v. Magana, Olney, Levy, Cathcart &

4

Gelfand, 6 Cal. 3d 176, 187 (1971).

The "discovery rule," an exception to the general rule of accural, postpones accural of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. Norgart, 21 Cal. 4th at 397; Neel, 6 Cal. 3d at 187. A plaintiff discovers the cause of action when he at least suspects a factual basis for its elements. Norgart, 21 Cal. 4th at 397. For example, when a plaintiff has enough information that would lead a reasonable person to suspect his injury was caused by another's negligence, the plaintiff has "discovered" the cause of action. Failure to discover the identity of the defendant does not delay the accrual of a cause of action. Id. at 399. It is the factual basis of the cause, not the identity of the defendant, that are the elements of a cause of action. Id.

In order to rely on the discovery rule for a delayed accural of a cause of action, a plaintiff's complaint must plead facts "to show: (1) time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Fox v. Ethicon Endo-Surgery, 35 Cal. 4th 797, 808 (2005). For a plaintiff to demonstrate diligence he must conduct a reasonable investigation after becoming aware of an injury. Id. The plaintiff is charged with knowledge of the information that would have been revealed by such an investigation. Id. Thus, to delay the accural of the cause of action, the plaintiff must show that despite diligent efforts, he could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period.

California Code of Civil Procedure § 340.5 provides that

5

professional negligence actions against healthcare providers must be brought within "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." Cal. Code Civ. Proc. § 340.5. Under California Code of Civil Procedure § 340.5, plaintiff had to bring her negligence cause of action within one year of accrual.

The date of accrual for plaintiff's negligence cause of action was April 7, 2005, the date on which plaintiff at least came to suspect, or had reason to suspect, a factual basis for its elements. Plaintiff admits in her deposition taken April 25, 2007 that even prior to her son's death she had misgivings about the healthcare services being provided at the jail. Plaintiff admits her son told her that while he was supposed to be receiving psychiatric medications, "they were not giving it to him." (Servantez Deposition at 69:3-8, Apr. 25, 2007 ["Dep."], lodged Mar. 3, 2008). Plaintiff's son complained to her that he was not getting the medications he needed. (Dep. 70:19-71:1).

Further, plaintiff admits receiving a phone call from Lopez's public defender on the day of Lopez's death in which the attorney said he "had the name of an attorney." (Dep. 95:11-23). The attorney told plaintiff that the jail psychiatrist had strongly urged that Lopez should be on suicide watch. (Dep. 95:11-23). When plaintiff was asked if it was her understanding from the attorney's phone call that she should contact an attorney to investigate a possible lawsuit arising out of her son's death, plaintiff responded: "I was angry when he said that, I didn't want to hear that then." (Dep. 96:18-23).

Plaintiff's deposition testimony reveals that she had reason to believe defendants' actions may be professionally negligent prior to her son's death. Therefore, on the date of her son's death, the cause of action became complete with all its elements. Plaintiff had enough facts at her disposal to discover, or at least through reasonable diligence should have discovered, her wrongful death claim against defendants. See <u>Norgart</u>, 21 Cal. 4th at 405 (finding that the cause of action for wrongful death accrued when the plaintiff had reason to suspect the death was a result of wrongdoing). Any reasonable person with the facts known to plaintiff would have reason to suspect wrongdoing in the death of her son on April 7, 2005.

In sum, the discovery rule does not postpone the date of accrual past April 7, 2005 because if plaintiff conducted a reasonably diligent investigation into the causes of her son's death, she would have discovered the cause of action against defendants. See <u>Gutierrez v. Mofid</u>, 39 Cal. 3d 892, 896 (1985) (holding that once a patient knows, or through reasonable diligence should have known, that he has been harmed through professional negligence, he has one year to bring his suit). Since the one year period commenced on April 7, 2005 and the plaintiff did not file her action until April 18, 2006, her negligence claim against defendants is barred by California Code of Civil Procedure § 340.5.

////
////
////
////

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss plaintiff's negligence cause of action is GRANTED.

IT IS SO ORDERED.

DATED: March 12, 2008

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE