UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LORRAINE SERVANTEZ,

        Plaintiff,

  v.

COUNTY OF SACRAMENTO, a
California municipality,
et al.,

        Defendants.

NO. CIV. S-07-0661 FCD/JFM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Lorraine Servantez's motion to amend the complaint pursuant to Rule 16[1] and Rule 15 of the Federal Rules of Civil Procedure to add a claim under California Government Code § 845.6. Defendants County of Sacramento, Brian Moore, Wayne Kitade, Gregory Sokolov,

---

[1] Plaintiff failed to address Rule 16's good cause requirement in her moving papers. The prior pretrial scheduling order in this case provided that "[N]o further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown." (Docket #29 (citing Fed. R. Civ. P. 16 (b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992)). However, the court will consider the arguments relating to Rule 16 set forth in plaintiff's reply.

1

M.D. and Mark Sussman, LCSW oppose the motion. For the reasons set forth below,[2] plaintiff's motion is DENIED.

**BACKGROUND**

Plaintiff asserts a wrongful death claim for the suicide of her son, David Trujillo Lopez (hereinafter "Lopez"). (Second Amended Complaint, filed Dec. 13, 2007 ("Compl."), ¶ 3). Lopez was incarcerated in the Sacramento County Main Jail from October 2003 until his death on April 7, 2005. (Compl. ¶ 23). On October 7, 2003, while incarcerated, Lopez was placed on suicide watch and prescribed psychiatric medications. (Compl. ¶ 28). Plaintiff alleges that defendants witnessed Lopez become increasing distraught and depressed on April 6, 2005, but nevertheless placed him in "temporary separation" or solitary confinement. (Compl. ¶¶ 19, 29). While in solitary confinement, Lopez hung himself with a bed sheet. (Compl. ¶ 24).

Plaintiff alleges defendants' negligent supervision, failure to provide Lopez with proper medical and psychiatric attention, and placement of Lopez in solitary confinement directly caused his death. (Compl. ¶¶ 19, 21-31). Plaintiff also alleges that defendants knew or reasonably should have known that Lopez had serious psychiatric and medical needs which raised a danger to his own life and safety. (Compl. ¶ 19).

Plaintiff's second amended complaint asserted claims for negligence, negligent supervision, and violation of civil rights. (Compl. ¶¶ 21-40). The court granted defendants' motion to

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

dismiss plaintiff's negligence claims as barred by the applicable statute of limitation. (Mem. & Order, filed Mar. 12, 2008).

**STANDARD**

Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D. Cal. 1996).[3] Orders entered before the final pretrial conference may be modified only "for good cause." Fed. R. Civ. P. 16(b).

The good cause requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. The pretrial scheduling order can only be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Mammoth Recreations, 975 F.2d at 609. When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end." Id. at 610; see also Gestetner, 108 F.R.D. at 141.

When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing

---

[3] To rely solely on Rule 15 after a pretrial scheduling order has been entered would "render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); see also Mammoth Recreations, 975 F.2d at 610 (adopting Rule 15's standards for amending the complaint would "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier"); Eckert Cold Storage, 943 F. Supp. at 1232 n.3.

3

"(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment was proper. See Mammoth Recreations, 975 F.2d at 608; Eckert Cold Storage, 943 F. Supp. at 1232 n.3. Pursuant to Rule 15(a), "leave [to amend] is to be freely given when justice so requires." "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997).

**ANALYSIS**

Plaintiff contends that she has demonstrated good cause to modify the pretrial scheduling order and amend the complaint because the information giving rise to a cause of action for violation of Government Code § 845.6 was only obtained during the deposition of defendant Sokolov, when he confirmed and explained that no one from Jail Psychiatric Services ("JPS") visited Lopez

4

the day before he committed suicide and that he decided it was not necessary for him or anyone from JPS to visit him for the purpose of a mental evaluation. (Ex. H to Decl. of Jose Vergara in Supp. of Mot. for Leave to Amend, filed Jan. 23, 2009, at 2). Defendants contend that plaintiff has not demonstrated the requisite diligence under Rule 16 because she was aware of information giving rise to this claim at least two years before Sokolov's deposition.

California Government Code § 845.6 creates an affirmative duty for public employees "to furnish or obtain medical care for a prisoner in his custody." "Under certain limited conditions, that is, actual or constructive knowledge of a need for immediate medical care, a duty of 'reasonable action to summon' medical care is created." Hart v. County of Orange, 254 Cal. App. 2d 302, 306 (1967).

The allegations in plaintiff's second amended complaint demonstrate that she was aware of the general underlying facts giving rise to a claim under § 845.6 long before she filed this motion to amend the complaint. Indeed, plaintiff admits that the facts giving rise to this claim "are basically the same facts being used by plaintiffs in paragraph 24 of [the] second amended complaint to support the claim that defendants are liable for negligence." (Pl.'s Mem. of P.&A. in Supp. of Leave to Amend, filed Jan. 23, 2009, at 17). In her second amended complaint, filed December 13, 2007, plaintiff alleges that defendants knew or reasonably should have known that Lopez has serious psychiatric and medical needs, but that they did not respond to those needs and placed him in solitary confinement.

5

Further, plaintiff admitted in her deposition, taken April 25, 2007, that even prior to her son's death she had misgivings about the healthcare services being provided at the jail. Plaintiff admits her son told her that while he was supposed to be receiving psychiatric medications, "they were not giving it to him." (Servantez Deposition at 69:3-8, Apr. 25, 2007 ["Dep."], lodged Mar. 3, 2008). Lopez's public defender also called plaintiff on the day of Lopez's death, April 7, 2005, and told plaintiff that the jail psychiatrist had strongly urged that Lopez should be on suicide watch. (Dep. 95:11-23).

Accordingly, plaintiff had notice of potential claims relating to the failure to summon medical care as required under § 845.6 prior to the filing of the lawsuit. At the very least, plaintiff had notice of the general underlying facts at the time she filed her second amended complaint on December 13, 2007. Now, over a year later and after discovery has closed, plaintiff seeks to amend her complaint to add this claim. Such delay does not constitute requisite diligence sufficient to satisfy Rule 16 good cause.[4]

Moreover, even if plaintiff had demonstrated good cause, the proposed amendment to the complaint would be prejudicial to defendants.[5] See Fed. R. Civ. Proc. 15; Martinez, 125 F.3d at

---

[4] Plaintiff contends that her counsel's uncertainty regarding whether to file a claim pursuant to § 845.6 in addition to a negligence claim is excusable neglect. However, *assuming arguendo* that this uncertainty was excusable, plaintiff failed to file a § 845.6 claim after the negligence claim was dismissed almost one year ago on March 12, 2008.

[5] For the reasons set forth above in the court's discussion of plaintiffs' diligence in bringing a motion to amend, plaintiffs' delay also raises concerns regarding undue

785 (9th Cir. 1997) ("[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."). Factual discovery in this matter has been completed as to the current defendants. Experts have been disclosed, and expert reports have been exchanged. Defendants contend that because the standard under § 845.6 is different than that of the civil rights claim, amendment would require that new experts be called. (Defs.' Opp'n to Pl.'s Mot. for Leave to Amend [Docket #53], filed Feb. 17, 2009, at 4). Defendants anticipate that such discovery would require an extension of at least six months. (<u>Id.</u>) Defendants also contend that Lopez's medical records and the testimony of Lopez's Correctional Health Service medical caregivers would be relevant to this claim. (Defs.' Opp'n to Pl.'s Mot. for Leave to Amend [Docket #51], filed Feb. 17, 2009, at 3). As such, factual discovery would have to be reopened. Defendants contend that the prejudice and the delay caused by discovery that would be needed to ameliorate such prejudice is not justified by plaintiff's unexplained failure to amend her complaint until now. The court agrees.[6]

Therefore, because plaintiff has not demonstrated good cause to modify the pretrial scheduling order to allow amendment to the

---

delay. See <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994) (holding that the district court did not abuse in denying leave to amend where the "new" facts and theories had been known to the party seeking amendment since the inception of the litigation).

[6] Plaintiff's assertion that there is no prejudice because a § 845.6 claim has the same elements as a negligence cause of action is without merit. As set forth above, plaintiff's negligence claim was dismissed on March 12, 2008, months before the close of factual discovery.

7

complaint, and because the proposed amendment would be prejudicial to defendants, plaintiff's motion to amend the complaint is DENIED.

IT IS SO ORDERED.

DATED: March 3, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE